Sokoloff v Manton (2018 NY Slip Op 00523)





Sokoloff v Manton


2018 NY Slip Op 00523


Decided on January 30, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2018

Friedman, J.P., Gische, Mazzarelli, Kern, Singh, JJ.


5555 652531/16

[*1]Hal Sokoloff, Plaintiff-Appellant,
v
Joshua Manton, Defendant-Respondent.


Shaw & Associates, New York (Martin Shaw of counsel), for appellant.
Borstein Turkel, P.C., New York (Avram S. Turkel of counsel), for respondent.



Order, Supreme Court, New York County (David Benjamin Cohen, J.), entered October 6, 2017, which stayed the action in light of a pending matrimonial action, and denied plaintiff's motion for summary judgment without prejudice and with leave to refile, unanimously reversed, on the law, without costs, and the matter remanded to the Supreme Court to determine the underlying motion for summary judgment. 
Under the circumstances of this case, the stay was not warranted. Although there are some interrelated issues in the pending divorce action between plaintiff's daughter and defendant, they are not the same issues. Most importantly, plaintiff is not a party to the divorce action and cannot adjudicate his claim in that action. Although certain monies were ordered to be placed in escrow in the divorce action, there is no proof about the terms of the escrow, nor is there any indication that the monies are to used to benefit plaintiff, if he is ultimately found to be a legitimate creditor of defendant. Upon issuing the stay, the motion court denied the motion for summary judgment without prejudice to refile "if the issue raised in this motion is not resolved in the context of the matrimonial action." We believe, however, that the motion court should have reached the merits of the motion for summary judgment and, therefore, we remand the matter to Supreme Court.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 30, 2018
CLERK